UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re SVB FINANCIAL GROUP,

                              Debtor.

---

SVB FINANCIAL GROUP and OFFICIAL COMMITTEE OF UNSECURED CREDITORS,

                            Appellants,

               -against-

FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Silicon Valley Bank and Silicon Valley Bridge Bank, N.A.,

                            Appellee.

24-CV-6484 (JGLC)

**OPINION AND ORDER**

---

JESSICA G. L. CLARKE, United States District Judge:

       Silicon Valley Bank Financial Group ("SVB") seeks to appeal the decision of the Bankruptcy Court for the Southern District of New York, which sustained a creditor's objections to a provision of its bankruptcy plan discharging the creditor's setoff rights. SVB moves for this Court to certify a direct appeal to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 158(d)(2)(A). Creditor Federal Deposit Insurance Corporation opposes the motion. The Court finds that the matter raises unsettled questions of law that warrant direct appeal: whether a creditor who has provided general notice to a debtor of the intent to assert defensive setoff rights waives those rights when the creditor fails to file a proof of claim, and whether a creditor's setoff rights under 11 U.S.C. § 553 survive the discharge of all debts under 11 U.S.C. § 1141.

## BACKGROUND

SVB, Debtor-Appellant, filed for Chapter 11 bankruptcy on March 17, 2023. ECF No. 4, Ex. 1 ("Mot.") ¶ 10. Shortly after, the Bankruptcy Court established September 14, 2023, as the deadline for any governmental unit to file a proof of claim against SVB (the "Bar Date"). *Id.* ¶ 11. The Federal Deposit Insurance Corporation as receiver for SVB ("FDIC-R1"), Appellee, asserts defensive setoff rights against SVB. *Id.* ¶ 13. FDIC-R1 did not file proofs of claim for those defensive setoff rights before the Bar Date. *Id.*

On July 8, 2024, FDIC-R1 filed objections to the confirmation of SVB's Second Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Plan"). *Id.* ¶ 14. At issue is FDIC-R1's objection (the "Objection") that the Plan improperly extinguishes FDIC-R1's defensive setoff rights because it provides the following:

> In no event will any Person or Entity be entitled to set off any Claim or Interest against any Claim or Interest, right, or Cause of Action and Defense of the Debtor, the Liquidating Trust or NewCo, as applicable, in any judicial or administrative proceeding, unless such Person or Entity has filed a Proof of Claim in this Chapter 11 Case preserving such setoff and a Final Order of the Bankruptcy Court has been entered, authorizing and approving such setoff.

ECF No. 1, Ex. 2 ("Order") at 9 (quoting Plan § 10.7). The Bankruptcy Court sustained FDIC-R1's Objection on three grounds relevant to this motion. First, the Bankruptcy Court found that FDIC-R1's defensive setoff rights are not "claims" under 11 U.S.C. § 101(5), so they are not extinguished by the passing of the Bar Date. *Id.* at 20–21. Second, the Bankruptcy Court found that FDIC-R1 meets the requirements of 11 U.S.C. § 553, which preserves setoff rights in bankruptcy, and that failure to file a proof of claim did not constitute a waiver of those rights. *Id.* at 21–31. Third, the Bankruptcy Court found that 11 U.S.C. § 1141 does not discharge those setoff rights. *Id.* at 31–33.

2

SVB now moves for certification of the Order for direct appeal to the Second Circuit, to which FDIC-R1 objects.

## LEGAL STANDARD

Section 158(d)(2)(A) provides for the certification of an order for direct appeal to the court of appeals when:

> (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance; (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken.

28 U.S.C. § 158(d)(2)(A). Certification is warranted if any one of the three factors is established. *In re Sabine Oil & Gas Corp.,* 551 B.R. 132, 138 (Bankr. S.D.N.Y. 2016) (citing *In re General Motors Corp.*, 409 B.R. 24, 27 (Bankr. S.D.N.Y. 2009)).

The Second Circuit has explained that it "will be most likely to exercise [its] discretion to permit a direct appeal where there is uncertainty in the bankruptcy courts (either due to the absence of a controlling legal decision or because conflicting decisions have created confusion) . . . ." *Weber v. United States,* 484 F.3d 154, 161 (2d. Cir. 2007). But the Second Circuit will be reluctant to accept cases for direct appeal when the questions of law are "heavily dependent on the particular facts of a case" and "percolation through the district court would cast more light on the issue and facilitate a wise and well-informed decision." *Id*. at 158, 161.

## DISCUSSION

SVB contends that certification for direct appeal is proper under Section 158(d)(2) because the Order raises three questions of law that the Second Circuit has yet to settle, lower courts in this circuit are split on these questions of law, and the issue involves a matter of public importance. Mot. ¶ 1–6.

Because a district court must certify an order for direct appeal if any one of the conditions in Section 158(d)(2) is met, this discussion solely addresses whether a decision on appeal calls for the resolution of a question of law that the Second Circuit has yet to settle. SVB enunciates three questions of law that it argues meets this condition. This discussion examines each question in turn and finds that two questions meet the condition set by Section 158(d)(2)(i).

I.    **Whether a Defensive Setoff Right Is a Claim Under 11 U.S.C. § 101(5)**

The first question of law that SVB proposes is "[w]hether a 'defensive' setoff right is a 'claim' under 11 U.S.C. § 101(5)." Mot. ¶ 1. In a deferral order on the instant motion, the Bankruptcy Court agrees that this is an "unsettled legal issue[]" on a matter that is "material to the decision." ECF No. 6, Ex. A ("Deferral Order") at 3; *see also* Order at 20–21. In the appealed Order, the Bankruptcy Court explicitly notes that there is disagreement among the courts on this question. Order at 20–21. And FDIC-R1 does not argue to the contrary.

Instead, FDIC-R1 contends that because this question is not a controlling legal issue, it does not create a qualifying condition under Section 158(d)(2). The Court agrees. Upon inspecting the legislative history of Section 1233 of the Bankruptcy Abuse Prevention and Consumer Protection Act, which amended Section 158(d)(2) as applied to bankruptcy appeals, the Supreme Court determined that certifications of direct appeal are intended for cases that "raise controlling questions of law." *Weber,* 484 U.S. at 158. Here, determining whether a defensive setoff right is a claim is not controlling. The Order itself acknowledges that regardless of whether a defensive setoff right is a claim, "there is material difference between a defensive claim for setoff and a claim that seeks similar relief on an affirmative basis against a debtor or its estate." Order at 21. In other words, if a defensive setoff right is a claim under 11 U.S.C. § 101(5), the terms of 11 U.S.C. § 553 may still preserve the right through bankruptcy. If a

4

defensive setoff right is not a claim, that right may still be extinguished by 11 U.S.C. § 1141. Accordingly, this is not a question upon which the Court can certify the Order for direct appeal.

II.  **Whether a Creditor Waives its Defensive Setoff Rights by Failing to File a Proof of Claim**

The second question of law that SVB proposes is "[w]hether a creditor that was aware of the subject matter for which it claims defensive setoff rights prior to the bar date waives its defensive setoff rights by failing to file a proof of claim before the bar date." Mot. ¶ 1. In its Deferral Order, the Bankruptcy Court agrees that this is an "unsettled legal issue[]" on a matter that is "material to the decision." Deferral Order at 3; *see also* Order at 28–29. In the appealed Order, the Bankruptcy Court notes that there is disagreement among the courts on this question. Order at 28–29.

FDIC-R1 argues that this question does not meet the Section 158(d)(2) requirements because it involves a mixed question of fact and law inappropriate for certification. Section 158(d)(2) requires a question of law that is not "fact intensive" nor "heavily dependent on the particular facts of the case." *See Weber*, 484 F.3d at 158. The Court agrees that the question as framed by SVB cannot be dispositive on the issue without further consideration of relevant facts. But the Court finds that the Bankruptcy Court's determination of the issue implicates a pure question of law that is neither "fact intensive" nor "heavily dependent on the particular facts of the case."

First, the Bankruptcy Court's determination was not "fact intensive." Although the Bankruptcy Court's determination of the issue does involve some consideration of factual issues, *see* Order at 30, these facts are not in dispute, *see id.*; ECF No. 4, Ex. 3 at 4.

Neither is the issue "heavily dependent on the particular facts of the case." The Bankruptcy Court did discuss the relevance of facts showing that FDIC-R1 gave notice to SVB

5

of its intent to assert defensive set-off rights. Order at 30. But the Bankruptcy Court did so in order to address the existence of potentially conflicting case law in this Circuit. Although the majority of judges in this Circuit conclude that failure to file a proof of claim does not waive defensive setoff rights, *see* Order at 28–29, one case has named an exception for when the failure to file a proof of claim may waive setoff rights, *see* Order at 29–30 (discussing *Daewoo Int'l (Am.) Corp. Creditor Tr. v. SSTS Am. Corp.*, No. 02-CV-9629 (NRB), 2003 WL 21355214, at *4 (S.D.N.Y. June 11, 2003)). This case, *Daewoo*, involved a creditor who failed to provide the debtor with any notice of intent to assert their setoff rights. *Id.* Although the Court agrees with FDIC-R1 that *Daewoo* does not necessarily conflict with the other cases in the Circuit, the Bankruptcy Court's analysis of the case does help frame a legal question that the Second Circuit has yet to address: When a creditor has provided general notice to a debtor of the intent to assert defensive setoff rights, does the failure to file a proof of claim waive their setoff rights?

Resolution of this legal question will not be fact intensive or fact dependent. Moreover, the Court considers this to be a controlling question of law for the instant case. Accordingly, the Court finds this to be a question upon which certification of the Order for direct appeal is proper.

**III.   Whether a Creditor's Setoff Rights Under 11 U.S.C. § 553 Can Be Discharged by 11 U.S.C. § 1141**

The final question of law that SVB proposes is "[w]hether a creditor's setoff rights under 11 U.S.C. § 553 are discharged by the confirmation of a chapter 11 plan under 11 U.S.C. § 1141, where the creditor intentionally did not file a proof of claim before the bar date." Mot. at 1. The Order did not discuss this question in depth and dismissed SVB's 11 U.S.C. § 1141 argument on other grounds. *See* Order at 31–33. FDIC-R1 argues that the Bankruptcy Court resolved this question in reliance on important factual findings, rendering it a mixed question of fact and law not appropriate for certification. The Court disagrees.

6

Whether Section 1141 overrides Section 553 is a controlling question of law that the Second Circuit has yet to issue an opinion on. Section 553 provides that setoff rights are preserved in bankruptcy (with exceptions outlined in the provision that do not apply to the instant case). *See* 11 U.S.C. § 553(a); *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 18 (1995). Meanwhile, Section 1141(d)(1) states that "the confirmation of a plan . . . discharges the debtor from any debt that arose before the date of such confirmation." 11 U.S.C. § 1141(d)(1). Courts outside of this Circuit have found that Section 553's preservation of defensive setoff rights survive the discharge provision of Section 1141. *See In re Laurentiis Entertainment Grp. Inc.*, 963 F.2d 1269, 1276–77 (9th Cir. 1992), *cert. denied*, 506 U.S. 918 (1992) (finding that Section 553 "must take precedence" over Section 1141); *In re Bare*, 284 B.R. 870, 874 (Bankr. N.D. Ill. 2002) (finding that Section 1141 is "restrained from facilitating the elimination of setoff rights"). But some circuits, as well as judges in this District, have found that Section 1141 may override Section 553 in certain circumstances. *See In re Cont'l Airlines*, 134 F.3d 536, 541 (3d Cir. 1998), *as amended* (Mar. 23, 1998); *Daewoo*, 2003 WL 21355214, at *5.

The Court recognizes that whether Section 1141 can discharge the setoff rights preserved in Section 553 has the potential to involve some factual considerations. For example, *Daewoo* took into account the failure of creditors to object to the plan of reorganization prior to confirmation. *Daewoo,* 2003 WL 21355214, at *5. Nonetheless, the Court finds that this is fundamentally a question of law. Moreover, the Court finds that resolution of this question can be dispositive in this case. If the Second Circuit concludes that Section 1141 does override Section 553, then it appears the defensive setoff rights must be extinguished. The same is not true if the Second Circuit determines otherwise. And the lower courts would benefit from clarity on the interaction between these two provisions. Accordingly, the Court finds that "whether Section

1141 can discharge the setoff rights preserved in Section 553" is an unsettled question of law that warrants certification of the Order for direct appeal to the Second Circuit.

## CONCLUSION

For the reasons stated above, SVB's motion to certify direct appeal to the United States Court of Appeals for the Second Circuit is GRANTED. This Court CERTIFIES that the Order meets the condition set by 28 U.S.C. § 158(d)(2)(A)(i). The Clerk of Court is directed to terminate ECF No. 4, transmit a copy of this Order to the Second Circuit, and close the case. Should the Court of Appeals decline to accept the appeal, the parties may move to reopen the case in this Court.

Dated: September 30, 2024
New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge